IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VERNON W. WHEELER,** | : CIVIL ACTION |
| **[AS-3368]** Petitioner | : |
| | : |
| V. | : |
| | : |
| **PENNSYLVANIA PBPP OF** | : |
| **PROBATION AND PAROLE, et al.,** | : NO. 06-CV-0559 |
| Respondents | : |

### REPORT AND RECOMMENDATION

M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE                                                     April 2, 2007

Presently before this court is a *pro se* petition for writ of habeas corpus filed, pursuant to 28 U.S.C. §2254, by a Petitioner who is currently on parole. Petitioner had been serving a 5 to 12 year sentence for robbery, aggravated assault, and possession of an instrument of crime at State Correctional Institution ["SCI"] Graterford, Pennsylvania. During the time pertinent to this inquiry, Petitioner was also convicted of three other offenses, resulting in additional periods of incarceration and recalculation of his maximum end date. In his habeas petition, Mr. Wheeler challenges the Parole Board's authority to "change or alter a sentence past its expiration date."

### BACKGROUND [1]

The facts related to Petitioner's parole challenge are convoluted and will be presented in chronological order.

1) On May 16, 1989, Vernon W. Wheeler, Petitioner, was convicted in the Philadelphia County Court of Common Pleas of robbery, aggravated assault, and possession of an instrument of crime.[2] *Respondents' Answer* [Docket

---

[1] The facts in this discussion have been taken from Mr. Wheeler's habeas petition, the Respondents' answer (with exhibits), and Petitioner's response.
[2] 18 Pa.C.S. §§3701, 907 and 2702, respectively. *Id.* at Exhibit "R-12."

1

    Entry #8] at Exhibit "R-1." Petitioner received an aggregate sentence of 5 to 12 years.[3]  Accounting for time served, the Department of Corrections calculated his minimum release date as December 13, 1993, and his maximum release date as December 13, 2000.  *Id.*

2) After serving five years of his sentence at SCI Graterford, Mr. Wheeler was granted parole on December 13, 1993.  *Id.* at Exhibit "R-2."

3) On November 9, 1994, while on parole for the robbery conviction, Petitioner was arrested in Montgomery County on retail theft charges.  He was released on bail on November 11, 1994, but failed to appear for his court date and was subsequently arrested on a bond warrant.  *Id.* at Exhibit "R-3."

4) On December 11, 1994, in light of the retail theft charge, the Pennsylvania Board of Probation and Parole ["PBPP"] declared Petitioner delinquent effective November 10, 1994.  *Id.* at Exhibit "R-4."

5) On June 12, 1995, while on bail for the retail theft charges, Mr. Wheeler was arrested in Philadelphia County for possession of a controlled substance with intent to deliver.  *Id.* at Exhibit "R-5."

6) On June 15, 1995, the PBPP issued a warrant to commit and detain Mr. Wheeler.  *Id.* at Exhibit "R-12."

7) On October 6, 1995, Petitioner pled guilty to retail theft in Montgomery County ["retail theft 1"].  He was sentenced to 3 to 23 months imprisonment, followed by one year of probation.  Mr. Wheeler received credit for time served between June 20, 1995 and August 2, 1995 (1 month and 12 days).  *Id.* at Exhibit "R-3."

8) On December 5, 1995, the PBPP notified Petitioner that a parole revocation hearing was scheduled for January 16, 1996.  Petitioner requested, and was granted, a continuance pending the disposition of all outstanding criminal charges against him.  *Id.* at Exhibit "R-12."

9) On February 7, 1996, Petitioner pled guilty to possession with intent to deliver in Philadelphia County.  He was sentenced to 15 to 30 months in state prison, with credit for time served between August 2, 1995 and October 6, 1995 (2 months and 4 days).  *Id.* at Exhibits "R-7" and "R-14."

10) After notice to Petitioner, the PBPP held a revocation hearing on May 15, 1996.  At the hearing, Petitioner admitted to two of three technical violations (failing to report for urinalysis and failing to abide by his curfew).  Certified copies of Petitioner's Montgomery and Philadelphia County convictions were introduced.  *Id.* at Exhibit "R-12."

---

[3] Effective date of sentence was December 13, 1988.  *Id.* at "Exhibit R-1."

11) On August 8, 1996, the PBPP revoked Petitioner's parole, declared him a convicted parole violator, and ordered him to serve 24 months of back time [4] "when available." The PBPP did not assess additional back time for the technical violations. *Id.* at Exhibits "R-8" and "R-9."

12) Petitioner finished the 23-month sentence for retail theft 1 on July 24, 1997. As of that date, he began serving his 24 months of back time on the robbery sentence. *Id.* at Exhibit "R-9."

13) On October 27, 1997, the PBPP recalculated Petitioner's sentence. As a convicted parole violator, Mr. Wheeler owed the entire seven years remaining on his robbery sentence as of the original date of his parole (December 13, 1993).[5] Taking into account 2 months and 4 days of back time credit, the PBPP determined that Petitioner owed 6 years, 9 months, and 26 days. Petitioner was notified that once he served the required 24 months of back time, he would be re-paroled. Petitioner's recalculated maximum end date for the robbery sentence was May 20, 2004. *Id.* at Exhibit "R-9."

14) On November 24, 1997, Petitioner filed an administrative appeal with the PBPP regarding this recalculation. Mr. Wheeler believed that he should have been granted credit on the robbery sentence for the time between June 12, 1995 and July 24, 1997, when he was serving his retail theft 1 sentence. The PBPP denied his appeal, explaining that Petitioner was not entitled to credit for time spent serving this 23 months because he was being "held for new criminal charges" or was "serving new sentences" during that time. *Id.* at Exhibit "R-10."

15) On March 20, 1998, the PBPP discovered that the 2 months and 4 days it had credited Petitioner in the October 27, 1997 recalculation had already been applied to another sentence. After the PBPP recalculated his sentence again, it determined that Petitioner would finish serving the 24 months of back time and be eligible for parole on July 24, 1999, and his maximum end date was July 24, 2004. *Id.* at Exhibit "R-11."

16) On August 14, 1998, Petitioner appealed this latest recalculation to the Commonwealth Court, arguing that the PBPP miscalculated the credit applied to his back time and that the date for service of his 24 months back time should run from February 12, 1996 – the day he was transferred to Graterford. On September 24, 1998, in affirming the recalculation, the Court concluded that there was no evidence to support Petitioner's assumption that he had been paroled from his retail theft 1 sentence when he was transferred to Graterford. Assuming

---

[4] Back time is "that part of an existing judicially-imposed sentence which the PBPP directs a parolee to complete following a finding after a civil administrative hearing that the parolee violated the terms and conditions of parole, which time must be served before the parolee may again be eligible for parole." *Krantz v. Commonwealth of Pennsylvania, PBPP of Probation and Parole*, 483 A.2d 1044, 1047 (Pa. Cmwlth. 1984).

[5] *See* 61 P.S. §331.21a(a).

3

*arguendo* that he had been paroled from his retail theft 1 sentence on February 12, 1999, the Court determined that the PBPP had properly calculated Petitioner's beginning date of service of the 24 months of back time on his original sentence as August 8, 1996 – the date his parole was revoked. *Id.* at Exhibit "R-12." Petitioner did not appeal. *Habeas Petition* [Docket Entry #3] at p. 6.

17) On July 27, 1999, Mr. Wheeler was paroled to a state detainer sentence, having served his 24 months of back time on his robbery sentence. *Id.* at Exhibit "R-13." He remained incarcerated to begin serving his 15 to 30 month sentence for possession with intent to deliver. Because Petitioner had 71 days of credit for time served on this sentence,[6] his minimum release date was August 15, 2000, and his maximum release date was November 15, 2001. *Id.* at Exhibit "R-14."

18) On September 19, 2000, Petitioner was paroled, having served his minimum sentence on the possession with intent to deliver conviction. Petitioner's parole term was to last until the maximum date of the robbery sentence – July 24, 2004. *Id.* at Exhibit "R-15."

19) On April 23, 2004, while on parole, Petitioner was arrested in Montgomery County for retail theft ["retail theft 2"]. He posted bail on May 3, 2004, but remained incarcerated on a detainer issued by the PBPP. *Id.* at Exhibits "R-16" and "R-20."

20) On December 1, 2004, Petitioner pled guilty to retail theft 2 and was sentenced to 3 to 12 months.[7] *Id.* at Exhibit "R-18."

21) The PBPP declared petitioner delinquent as of April 23, 2004 – the date of his latest arrest. *Id.* at Exhibit "R-17."

22) On February 8, 2005, the PBPP declared Petitioner a convicted parole violator and ordered him to serve 6 months back time on his robbery sentence. *Id.* at Exhibit "R-19."

23) On February 13, 2005, Mr. Wheeler was paroled from his retail theft 2 sentence and began serving the 6 months of back time at SCI Graterford. *Id.* at Exhibit "R-20."

24) On March 30, 2005, the PBPP conducted another recalculation of Petitioner's robbery sentence. After applying credit for time served on the detainer from May 3, 2004 to July 24, 2004, the PBPP determined that from the date of his latest parole (July 27, 1999), Petitioner owed 4 years, 9 months, and 6 days. Mr. Wheeler's new maximum end date became November 19, 2009. *Id.*

---

[6] June 12, 1995 to June 20, 1995 and August 2, 1995 to October 6, 1995.
[7] 11 days were credited for time served while Petitioner was held on bail.

4

25) On May 3, 2005, Petitioner challenged the latest recalculation of his sentence through the PBPP's administrative appeal procedure. The PBPP denied relief on May 17, 2005, explaining that because Petitioner was on parole when he was arrested and convicted on new criminal charges, the PBPP had the authority to recommit him as a convicted parole violator under 61 P.S. §331.21a(a). As a convicted parole violator, Mr. Wheeler forfeited any credit for time spent on parole. By taking the time Petitioner had left on his robbery sentence when he was paroled on February 13, 2005 and subtracting the credit for the period he was held on the detainer, Petitioner's new maximum end date became November 19, 2009. *Id.* at Exhibit "R-21." It appears that Petitioner did not appeal this decision in state court. *Petitioner's Reply* [Docket Entry #10] at ¶2.

On February 6, 2006, Mr. Wheeler filed the instant habeas petition challenging the PBPP's extension of his maximum end date to November 19, 2009. *Revised Habeas Petition* [Docket Entry #3].[8] Petitioner claims that the "parole Board is not a judicial body and is not allowed to change or alter a sentence past its expiration date."

The PBPP, as respondents to Mr. Wheeler's petition, filed its answer in which it primarily argues that Petitioner has failed to exhaust his available state remedies. Respondents also address Mr. Wheeler's claim on its merits, and contend that his sentence was properly calculated based on the "Convicted Parole Violators" statute, codified at 61 P.S. §331.21a(a). *Respondents' Answer* at pp. 9-11.[9]

---

[8] Petitioner filed an application for habeas relief on February 6, 2006. *Habeas Petition* [Docket Entry #1]. However, this petition was not filed on a current form and Petitioner was directed to refile his habeas claims. Mr. Wheeler filed a revised habeas petition on March 14, 2006. *Revised Habeas Petition* [Docket Entry #3].

[9] In their answer, Respondents represent that Petitioner has been paroled again, and is no longer incarcerated. *Respondents' Answer* at p. 8. Later documents submitted by Petitioner confirm this fact. *See Petitioner's Reply* [Docket Entry #10].

5

## DISCUSSION

### I. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA" or the "Act"], signed into law on April 24, 1996, significantly amended the laws governing habeas corpus petitions. One of the amended provisions, §2244(d), imposes a one-year statute of limitations on state prisoners who seek federal habeas relief.

> For the purposes of parole decisions, several Circuit courts have held that the statute of limitations begins to run on 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.' 28 U.S.C. §2244(d)(1)(D). This means that the one-year statute of limitations begins on the day the administrative decision became final. [citations to other circuits omitted]

*Wilson v. Wilson*, CA No. 04-5194, 2005 WL 331487 at *5 n.3 (E.D. Pa. February 9, 2005).

In the instant case, Mr. Wheeler is challenging the PBPP's March 30, 2005 recalculation of his maximum sentence date. He appealed that decision through the PBPP's administrative appeal procedure, and the PBPP denied relief on May 17, 2005. For the purposes of determining whether Petitioner's habeas petition was timely filed, this court will use May 17, 2005 as the date that the administrative determination, upon which Mr. Wheeler is challenging, became final.

Accordingly, Petitioner's habeas statute of limitations began on May 18, 2005, and absent any statutory or equitable tolling, expired on May 17, 2006. Because he filed the instant habeas petition on February 6, 2006, Mr. Wheeler's petition was timely under 28 U.S.C. §2244.

6

## II. Exhaustion

The exhaustion rule, codified in 28 U.S.C. §2254, generally requires a federal court to postpone habeas corpus jurisdiction until "the applicant has exhausted the remedies available in the courts of the State." The exhaustion requirement is rooted in considerations of comity; the statute is designed to protect the role of the state court in enforcement of federal law and to prevent disruption of state judicial proceedings. *Rose v. Lundy*, 102 S.Ct. 1198, 1203 (1982); *Castille v. Peoples*, 489 U.S. 346, 349 (1989).

In order to demonstrate compliance with the exhaustion requirement, a habeas petitioner must show that each claim which forms the basis of his federal habeas petition has been "fairly presented" to the state courts. *Castille*, 489 U.S. at 351 (1989); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Absent exceptional circumstances, the petitioner must first present all of his constitutional claims in the state system, through the highest state tribunal, before seeking relief in federal court. *Picard*, 404 U.S. at 275 (1971); *Swanger v. Zimmerman*, 750 F.2d 291 (3d Cir. 1984). The burden is on the habeas petitioner to establish that he has fairly presented his federal constitutional claims (both facts and legal theory) to all levels of the state judicial system. *Gattis v. Snyder*, 278 F.3d 222, 231 (3d Cir. 2002)(*quoting Evans v. Court of Common Pleas*, 959 F.2d 1227, 1231 (3d Cir. 1992), *cert. petition dismissed*, 506 U.S. 1089 (1993), "[b]oth the legal theory and the facts underpinning the federal claim must have been presented to the state courts … and the same method of legal analysis must be available in the state court as will be employed in the federal court.").

However, a federal court may **deny** a habeas petition on the merits notwithstanding the petitioner's failure to exhaust state remedies. 28 U.S.C. §2254(b)(2).

*See Burkett v. Love*, 89 F.3d 135, 138 (3d Cir. 1996).

Pennsylvania Courts have jurisdiction over claims alleging improper calculation of an inmate's criminal sentence. Such claims must be presented to the Commonwealth Court as an action for mandamus. *Stanard v. Pa. Bd. of Prob. & Parole*, CA No. 04-842, 2004 WL 1803315 at *2 (E.D. Pa. Aug. 12, 2004)(*citing Bright v. Pa. Bd. of Prob. & Parole*, 831 A.2d 775, 777-78 (Pa. Cmwlth. 2003) and *Jackson v. Vaughn*, 565 Pa. 601, 777 A.2d 436, 438 (Pa. 2001)).

Because Petitioner has not presented his challenge to the PBPP's latest calculation of his sentence to the Pennsylvania Courts, his habeas petition is unexhausted. However, I believe that this petition should be denied on the merits, for the reasons discussed below.

### III. Merits

Petitioner's sole habeas issue, as set forth in his original habeas petition, simply states: "The extension of my maximum and ending sentence. Parole Board is not a judicial body and is not allowed to change or alter a sentence past its expiration date." *Habeas Petition* at p. 9.

In a brief attached to his original habeas petition, Mr. Wheeler provides some additional detail. He writes:

> The relief I seek from this current petition is the correction of the time that's been extended by the parole board and the violation of the parole board to reconstruct a sentence which is a violation of my 13th Amendment right of the U.S. Constitution. The Parole Board on two separate occasions has extended my original sentence of 5 to 12 to 5 to 21 years. As of this current time I am aware of the laws that are in stone that the parole board has no judicial power to extend a judicially imposed sentence where in the first instance, I was not aware of these laws. What I seek is to rectify this situation and have the rightful and original maximum date I was sentence to instituted and honored by the Pennsylvania Board of Probation and Parole as soon as possible."

8

*Id.*:  Attached Brief entitled *"Explanation of Petition"* at pp. 3-4.

To the extent that Mr. Wheeler is arguing that the PBPP illegally extended his robbery sentence on March 30, 2005 when it recalculated his maximum date, he has misconstrued the factual circumstances surrounding this allegation.  As Respondents have explained, under 61 P.S. §331.21a(a), if a individual is convicted of any crime punishable by imprisonment while on parole, the PBPP can recommit that individual as a parole violator and he can be ordered to serve the remainder of the term that he would have had to serve had he not been paroled, and no credit is extended for the time spent at liberty on parole.

Petitioner argues in his Reply that his sentence should have ended on December 12, 2000, should not have been extended to November 2009.  This argument is wholly without merit.  December 13, 2000 was the original maximum end date for his robbery sentence of 5 to 12 years, calculated before Petitioner was convicted of three additional crimes.  Petitioner's maximum end date needed to be recalculated twice to take into account the fact that Petitioner was serving additional sentences, and was twice ordered to serve back time as a convicted parole violator.  The PBPP has changed the maximum date for the Petitioner's parole period based on the later convictions and imposition of back time.  This is permissible under state law.  *See* 61 P.S. §331.21a(a).  On November 19, 2009, assuming that Petitioner does not commit additional crimes, he will have served, or been on parole for, 12 years – the maximum sentence that he originally received for his robbery conviction.

## **RECOMMENDATION**

For the reasons stated above, it is recommended that Mr. Wheeler's Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2254, be DENIED AND DISMISSED WITHOUT AN EVIDENTIARY HEARING. It is further recommended a finding be made that there is no probable cause to issue a certificate of appealability.

BY THE COURT:

S/M. FAITH ANGELL
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE